**HINDE et, Plaintiffs, v. HINDE, III, et, Defendants.**

Common Pleas Court, Erie County.

No. 30112.   Decided May 17, 1957.

## OPINION

By McCRYSTAL, J.

Plaintiffs commenced proceedings to contest the will of William J. Hinde, Deceased. In the caption of the petition the executor is named in his fiduciary capacity and apparently all of the heirs, next of kin, devisees and beneficiaries of the deceased were named in the caption as party plaintiffs or defendants.

The body of the petition does not identify by their proper name three of the defendants listed in the caption, nor does the petition state the relationship of the three defendants to the decedent. Summons was issued and served on the executor in his fiduciary capacity and on all the defendants named in the caption including the three defendants whose names or specific identification do not appear in the petition proper.

The three defendants file separate motions for an order to quash service of summons on the ground that no cause of action is stated against them in the petition.

Counsel for all parties have submitted briefs and are unable to find any precedent directly covering the issues raised here. Defendants cite as their authority the general proposition that while pleadings should be liberally construed, inconsistent allegations must be construed against the pleader, and further that the naming of a person as a defendant in the caption of a petition does not of itself make him a party to the action. With these propositions the Court concurs but finds that they are not dispositive of the issues raised by the defendants' motions.

Sec. 2741.02 R. C., reads as follows:

"All the devisees, legatees and heirs of the testator and other interested parties, including the executor or administrator, must be made parties to an action under §2741.01 R. C." Plaintiffs' petition while somewhat ambiguous and inconsistent in its allegations concerning the relationship of all the defendants to the decedent, does contain this paragraph: "Plaintiffs further say all said parties, both the plaintiffs and the defendants, are all the financially interested parties in the outcome of this litigation."

It is an accepted principle of good pleading that the pleader may incorporate the names of the parties set forth in the caption into the body of the petition by reference, as was done here.

The sole question remaining here is whether it is necessary for the pleader in a will contest to not only list all the "devisees, legatees and heirs of the testator," but in the body of the petition to identify them as to the capacity in which they are served and made parties. As we read the statute, only the executor or administrator must be identified in his official capacity and served as such with summons.

It is the opinion of this Court that where the executor or administrator is identified as such in the caption of the petition and served with summons as such and the petition further states that all plaintiffs and defendants are "all the financially interested parties in the outcome of this litigation," the petition is not subject to a demurrer or motion to quash service or motion to dismiss filed on behalf of any of the plaintiffs or defendants on the grounds that no cause of action is

232

stated against them in the petition. If any heirs, devisees, legatees, next of kin or other interested parties are omitted from the petition, such issues would have to be raised in another manner. If there is some question as to the interest that any of the plaintiffs or defendants have in the litigation, that question can be raised by a motion to make definite and certain. The statute is satisfied when all persons interested in the outcome of the litigation are listed as plaintiffs or defendants and identified only as "interested parties."

Motions of each of the defendants is overruled. Exceptions saved to these defendants.